No. 89-321

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

DAWNA R. TUCKER,

      Plaintiff and Appellant,

  -vs-

TROTTER TREADMILLS, INC.,

      Defendant and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Morgan Modine, Missoula, Montana

    For Respondent:

        Worden, Thane & Haines; Stacey Weldele-Wade, Missoula,
Montana

Submitted on Briefs: Aug. 31, 1989

Decided: September 19, 1989

Filed:

_____
Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Dawna R. Tucker (Tucker) filed a negligence action against Trotter Treadmill, Inc. (Trotter) because of an accident she had on an allegedly defective exercise treadmill manufactured by Trotter. The District Court of the Fourth Judicial District, Missoula County, granted summary judgment in favor of Trotter finding that Tucker presented insufficient evidence upon which to sustain her negligence action. Tucker appeals. We affirm.

Appellant presents one issue on appeal:

Did the District Court err in granting summary judgment in respondent's favor when the record raises genuine issues of material fact?

On April 9, 1984, at about 7:00 a.m., Tucker went to The Courthouse, a health club in Missoula, Montana, to exercise. At some point in her workout, she decided to use one of the motorized exercise treadmills. She stepped onto the treadmill belt and turned the machine on. The moving belt immediately caused her to fall injuring her shoulder.

The record, which consists of the pleadings, interrogatories and Tucker's deposition, discloses the following undisputed facts. Tucker joined The Courthouse in 1978 and belonged to The Courthouse for approximately one to one and one-half years. She rejoined in December of 1983 or January 1984 and worked-out several times a week.

When Tucker first joined The Courthouse she received instruction on how to use the facility's equipment. When she rejoined The Courthouse she neither received nor asked for any reinstruction on the equipment. Tucker had used a manual treadmill prior to her accident, but she had never before used a motorized treadmill. Even though she had not been

2

instructed on how to use the motorized treadmill, she thought she could operate one because she had seen others using them.

No warnings or instructions were displayed on the treadmill itself. However, three posted instructions and warnings were displayed on the wall directly behind the motorized treadmill. These instructions and warnings would have been clearly visible to anyone approaching the treadmill. But, Tucker did not notice the posted instructions and warnings and therefore did not read them.

Although Tucker claims the treadmill belt started at a high speed, she does not know at what specific speed the treadmill was set when she started it. She assumed it was set on high because she fell.

In her complaint against Trotter, Tucker alleged that Trotter failed to properly instruct users of the treadmill. Further, she alleged that the treadmill was defective because it was not equipped with a safety device which would prevent the treadmill from starting at a high rate of speed.

After reviewing the record, the District Court found that appellant had not presented sufficient evidence to raise a genuine issue of material fact as to whether Trotter had breached its duty to warn and instruct treadmill users. Further, according to the District Court, appellant's evidence did not indicate either directly or circumstantially that the treadmill was in a defective condition, unreasonably dangerous. We agree.

Summary judgment is proper only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Cereck v. Albertson's Inc. (1981), 195 Mont. 409, 637 P.2d 509. Once the moving party had met its burden, the burden shifts to the opposing party to present material and substantial evidence that raises a genuine issue of material fact. Conclusory or speculative

3

statements are insufficient to raise a genuine issue of fact. B.M. By Berger v. State (1985), 215 Mont. 175, 179, 698 P.2d 399, 401. Parties cannot rely merely on allegations contained in their pleadings. Further, the trial judge is not required to anticipate possible proof at trial when ruling on a summary judgment motion. Larry C. Iverson, Inc. v. Bouma (1981), 195 Mont. 351, 374, 639 P.2d 47, 59.

Appellant's evidence consists essentially of her deposition testimony. As the District Court correctly surmised, appellant's testimony is conclusory and speculative in nature. No statements of fact appear in her testimony upon which to base an inference that Trotter was negligent in posting instructions and warnings on the wall behind the treadmill. No facts were presented to support an inference that the machine started on high speed. As well, appellant presented no other evidence to solidify or flesh out her own speculations regarding either the propriety of Trotter's warnings and instruction or the actual speed of the treadmill.

Appellant's briefs abound with promises of proof at trial. However, appellant's burden of proof required her to establish that the record before the District Court raised genuine issues of fact. The District Court correctly concluded that appellant failed to present evidence to support an action under a negligence theory.

We affirm the District Court.

John Conway Harrison
Justice

4

We concur:

_John C. Steely_

_P. C. Gulbrandson,_

_William E. Hunter_

_____
Justices