No. 91-137

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

VICTOR A. SISTOK,

Plaintiff and Appellant,

-vs-

KALISPELL REGIONAL HOSPITAL,
a Montana corporation,

Defendant and Respondent.

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James C. Bartlett; Hash, O'Brien & Bartlett,
Kalispell, Montana

For Respondent:

Mark L. Stermitz and Stephen C. Berg; Warden,
Christiansen, Johnson & Berg, Kalispell, Montana

FILED

DEC 27 1991

Filed: *El Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: September 12, 1991

Decided: December 27, 1991

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Plaintiff, Victor Sistok, appeals from the order of the District Court of the Eleventh Judicial District, Flathead County, quashing a deposition subpoena and granting defendant's motion for summary judgment. The court ruled that the evidence presented failed to demonstrate that Kalispell Regional Hospital acted negligently by permitting Dr. Paul W. Herron to perform surgery on Mr. Sistok in its facility. We affirm.

We note that the appellant, Victor Sistok, has died since this case was submitted for appellate review, and a motion to suggest death of the appellant has been submitted. No motion for substitution of his personal representative has been made. We assume, as we are given authority to do, that he has no personal representative at this time and we will proceed with rendering this opinion as if Mr. Sistok were still alive. Rule 37(a), M.R.App.P., Bieber v. Broadwater County (1988), 232 Mont. 487, 759 P.2d 145.

The sole issue for review is:

Did the District Court err by quashing a deposition subpoena for notes, records, memoranda and written documentation generated by the hospital's Medical Executive Committee? More specifically, the question raised is whether data generated by the Medical Executive Committee is privileged from discovery in a suit against the hospital.

Victor Sistok (Sistok) brought suit against Kalispell Regional Hospital (the Hospital) alleging among other things that the Hospital negligently allowed Dr. Herron (Herron) to perform surgery in its hospital when it knew Herron had a history of alcoholism.

Sistok experienced health difficulties following and related to surgery performed by Herron at the Hospital.

Prior to Sistok's surgery, Herron's staff privileges at the Hospital had been suspended and reinstated following incident where Herron had been intoxicated while performing his duties at the Hospital. The Hospital's Medical Executive Committee (the Committee) serves as a review board whose duties include supervision and discipline of the medical staff. At the recommendation of the Committee, Herron's staff privileges had been suspended and later reinstated subject to specific conditions.

Sistok's position is that because conditions were placed on Herron's staff privileges, the Hospital assumed greater responsibility for his actions. Sistok argues that the conditional staff privileges altered the relationship between the Hospital and Herron from the independent contractor relationship usually enjoyed between staff physicians and a hospital to one of principal and agent. Sistok contends that because Herron was an agent of the Hospital, the Hospital is liable for Herron's alleged negligence.

To support his position, Sistok sought to depose the former chairmen of the Committee and issued a deposition subpoena commanding them to come forward and to produce all manner of records and information regarding the Committee's relationship with Herron. The Hospital argued that pursuant to § **50-16-203,** MCA, the information sought by Sistok was privileged and confidential. The District Court agreed and quashed the deposition.

Section **50-16-203,** MCA, states:

> **Committee information and proceedings confidential and privileged.** All such records, data, and information

3

> shall be confidential and privileged to said committee and the members thereof, as though such hospital patients were the patients of the members of such committee. All proceedings and in-hospital records and reports of such medical staff committees shall be confidential and privileged.

We conclude that this statute unambiguously confers an absolute privilege on medical staff committees. Sistok argues that the privilege conferred is to protect the confidentiality of patients but not physicians and medical staff. Sistok claims that because he is only interested in information regarding Herron and not information regarding other patients, the statute does not apply. Moreover, Sistok contends that the statute refers only to agents of a hospital and not to physicians who are generally independent contractors. By holding this information privileged, Sistok contends, hospitals are able to sabotage lawsuits by keeping all relevant information with the committee.

We are not persuaded by Sistok's argument. The statute makes clear that the privilege applies to all members of the Committee. The statute was developed and the privilege conferred to encourage reluctant physicians to join the Committee. The legislature, as a matter of public policy, sought to have responsive and full discourse among the professionals involved, and to promote an atmosphere free of apprehension so that constructive criticism could occur. The privilege is extended to all members of the Committee as well as to the patients whose cases are reviewed by the Committee. Furthermore, Sistok's argument is internally inconsistent. He alleges that the relationship between the Hospital and Herron is that of principal and agent while simultaneously he argues that the statute does not apply because

4

Herron is an independent contractor.

Alternatively, Sistok argues that § 50-16-203, MCA, is merely a codification of the rules of evidence and only limits the admissibility of committee data because it is hearsay. Sistok asserts, and we agree, that discovery is not limited to admissible evidence but instead can be utilized to lead to information that will be admissible as evidence. However, the statute unambiguously states that the information is privileged and confidential. Section 46-15-332, MCA, provides that:

> All matters which are privileged upon the trial are privileged against disclosure through any discovery procedure.

The records, data and information generated by Medical Executive Committees are privileged against discovery.

Several cases are cited from other jurisdictions where disclosure of committee proceedings was allowed despite statutory law prohibiting such discovery. In Arizona the privilege only precludes material that is the product of reflective deliberations or thought-making processes while relevant and material facts are discoverable. Tucson Medical Center, Inc. v. Misevch, (Ariz. 1976), 545 P.2d 958. In California and Connecticut, the courts have allowed the voluntary disclosure of what took place at committee proceedings despite statutory bars of discovery. West Covina Hospital v. Superior Court, (Calif. 1986), 718 P.2d 119; Pisel v. Stamford Hospital, (Conn. 1980), 430 A.2d 1. These cases are distinguishable from the instant case. The Arizona Legislature explicitly allowed for the subpoena of committee information, the Montana Legislature did not. The California and Connecticut cases

5

refer to voluntary disclosure and not the involuntary disclosures sought by Sistok. Unlike the statutes in these other jurisdictions, § 50-16-203, MCA, confers an absolute privilege.

Sistok next argues that the affidavit of the Hospital administrator, Eugene Johnson, outlining the actions and recommendations of the Committee in regards to Herron, is a waiver of the privilege. Whether the Hospital waived its privilege is dependent upon whether a significant part of the privileged matter has been disclosed. Rule 503(a), M.R.Evid. The District Court ruled that Johnson's affidavit did not disclose a significant part of the privileged matter. Regardless of whether the Hospital reached the 'significant part' threshold, the Hospital cannot waive the privilege for others. The privilege extends to all members of the Committee as well as patients whose cases are reviewed. Rule 503(b), M.R.Evid., provides:

> Where two or more persons are joint holders of a privilege, a waiver of the right of a particular joint holder to claim the privilege does not effect the right of another joint holder to claim the privilege.

Assuming arguendo, that the Hospital has waived its claim to the privilege, it cannot waive the claim of individual members of the Committee such as the chairpersons subpoenaed.

Lastly, Sistok contends that the Hospital administration's files are discoverable to determine the imitations and restrictions placed on Dr. Herron by the Hospital. After careful review, we find the record to be void of any denied attempts to access information from the Hospital other than the deposition subpoena for the chairmen of the Committee. The matter before this Court is the deposition subpoena for data and information of the Committee

6

and not the Hospital administration's files.

The deposition subpoena submitted by Sistok sought information that is clearly privileged. The District Court properly quashed the request. Sistok, to support his argument, apparently relied on the information that he allegedly would have gained from the quashed deposition and as a result evidence supporting his argument is lacking. The court is under no duty to anticipate proof that will establish a material and substantial issue of material fact. Tucker v. Trotter Treadmills, Inc. (1989), 239 Mont. 233, 779 P.2d 524. The burden is on the opposing party to demonstrate the existence of a genuine issue of material fact, otherwise summary judgment is properly granted as a matter of law. Bills v. Hannah Inc. (1988), 230 Mont. 250, 749 P.2d 1076. The deposition subpoena was properly quashed and Sistok failed to meet his burden of raising a genuine issue of material fact. Therefore, summary judgment was properly granted.

Affirmed.

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

_____
Justice

7

Justice William E. Hunt, Sr., dissenting.

I dissent. The majority's decision to create an absolute privilege for medical staff committees violates principles of discovery and is contrary to legislative intent.

The majority's decision limits the ability of patient-plaintiffs to discover relevant evidence that would help verify allegations made in a complaint. Moreover, the decision shields doctors and hospitals from patient-plaintiff lawsuits. The privilege created by this Court invites hospitals to use medical staff committees as repositories for hiding harmful evidence when sued by patient-plaintiffs.

It is clear from reading the statute that the legislature intended only to protect the confidentiality of other patients. The statute only refers to patients, not to doctors or hospitals. The legislature placed a limit on the scope of the privilege in § 50-16-205, MCA, which states in part:

> All data shall be confidential and shall not be admissible in evidence in any judicial proceeding, <u>but this section shall not affect the admissibility in evidence of records dealing with the patient's hospital care and treatment</u>. [Emphasis added.]

Appellant's subpoena requested information which related only to the status and interrelationship of Dr. Herron with the hospital. The appellant was not attempting to seek documents relating to the care of other patients. Clearly, the legislature did not intend to create such an absolute privilege as the majority's opinion would suggest.

In addition, the hospital waived its claim to the privilege. The hospital freely disclosed the chronology of Dr. Herron's disciplinary records which were used against him in the lawsuit. However, when the same information was used against the hospital, it claimed privilege. The hospital had notice that the information was being requested in the litigation against Dr. Herron and should have claimed its supposed privilege then.

For these reasons, the District Court's decision favoring summary judgment should have been reversed.

_William E. Hunt_
Justice

I concur in the foregoing dissent of Justice Hunt.

_Tom Trieweiler_
Justice

9

December **27,** 1991

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


James C. Bartlett
Hash, O'Brien & Bartlett
P.O. Box 1178
Kalispell, MT 59903

Mark L. Stermitz
Warden, Christiansen, Johnson & Berg
P.O. Box 3038
Kalispell, MT 59903-3038



ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy