No. 02-030

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 374

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

RAYLAND BRASDA,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. ADC 2001-118(b)
The Honorable Julie Macek, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Meghan Lulf, Public Defender's Office, Great Falls, Montana

       For Respondent:

       Hon. Mike McGrath, Montana Attorney General, John Paulson, Assistant
Attorney General, Helena, Montana; Brant Light, Cascade County Attorney,
Susan L. Weber, Deputy County Attorney, Great Falls, Montana

       Submitted on Briefs:  February 13, 2003

       Decided:  December 30, 2003

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Rayland Brasda (Brasda) appeals the judgment of the Eighth Judicial District Court, Cascade County, denying in part Brasda's motion in limine and admitting into evidence the knife Brasda used in committing the crime of assault with a weapon.

¶2    We address the following issues on appeal and affirm.

¶3    1.    Did the District Court err in denying Brasda's motion in limine?

¶4    2.    Did the District Court err in admitting into evidence the knife confiscated from Brasda's person on the night of the assault?

¶5    3.    Did the cumulative effect of the State's errors cause sufficient prejudice to Brasda to warrant a new trial?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6    Following a jury trial, Brasda was convicted of assault with a weapon.

¶7    The assault in question occurred near closing time at a local bar, where Brasda and his wife began physically fighting each other. Jeff McCarthy (McCarthy), one of the bouncers at the bar, tried to break up the altercation, but in so doing, Brasda brandished a knife. He pointed the knife at McCarthy's torso, telling him that he would use his knife because he was not afraid of going back to prison.

¶8    McCarthy then backed away, but when Brasda and his wife continued fighting, McCarthy and another bar employee grabbed Brasda and pinned him to the ground. When Deputy Weinheimer arrived, Brasda stated to the deputy, "Fuck this Weinheimer. Man, you know, I didn't try to stab anyone."

2

¶9     Deputy Weinheimer then searched Brasda for weapons, and a folding knife was found in Brasda's left front pocket.  At this point, Deputy Weinheimer noted that the knife was not difficult to open.

¶10    As he was being led away, Brasda stated to a female present at the scene that he was definitely going back to prison for this.

¶11    Brasda brought a motion in limine to exclude (1) the statement that he had a knife and was not afraid of going back to prison (hereinafter referred to as "statement one"); (2) the statement that Deputy Weinheimer knew that he (Brasda) did not try to stab anyone (hereinafter referred to as "statement two"); and (3) the statement that he was definitely going back to prison (hereinafter referred to as "statement three").

¶12    The District Court denied Brasda's motion in limine regarding statement one and statement two, and granted Brasda's motion in limine regarding statement three.

¶13    Brasda now appeals the District Court's denial in part of his motion in limine.

**STANDARD OF REVIEW**

¶14    We review a district court's grant or denial of a motion in limine for an abuse of discretion. *State v. Vandersloot*, 2003 MT 179, ¶ 8, 316 Mont. 405, ¶ 8, 73 P.3d 174, ¶ 8. A district court abuses its discretion if the district court "acts arbitrarily without conscientious judgment or exceeds the bounds of reason resulting in substantial injustice." *State v. Richardson*, 2000 MT 72, ¶ 24, 299 Mont. 102, ¶ 24, 997 P.2d 786, ¶ 24.

**DISCUSSION**

¶15 **1.    Did the District Court err in denying Brasda's motion in limine?**

¶16    Brasda argues that statement one and statement two were not relevant to any fact at issue in his case.  Specifically, Brasda contends that both statements in no way naturally and logically tend to establish that Brasda assaulted McCarthy.

¶17    In the alternative, Brasda argues that even if statement one and statement two are relevant, their probative value is outweighed by their prejudicial effect.  In addition, Brasda contends that both statements are evidence of other crimes, wrongs, or acts, which are inadmissible, absent an exception, to which Brasda maintains none apply.  Further, Brasda maintains that under this Court's holdings in *State v. Matt* (1991), 249 Mont. 136, 814 P.2d 52, and *State v. Just* (1979), 184 Mont. 262, 602 P.2d 957, the State of Montana (the State) cannot satisfy the four requirements necessary for introducing evidence of other crimes.

¶18    The State counters that under the District Court's broad discretion in admitting evidence, the District Court properly found that statement one was relevant, noting that it was not hearsay and was otherwise admissible as an admission against interest.  The District Court further determined that statement one was admissible under the transaction rule, and although prejudicial, the probative value of statement one was not substantially outweighed by the danger of unfair prejudice.  As regards statement two, the District Court allowed it into evidence inasmuch as statement two showed Brasda's mental state at the time of the assault.

4

¶19     Specifically, the State contends that the District Court did not err in admitting both statements, as they tended to make more probable the fact that Brasda used a knife against McCarthy and threatened McCarthy--both facts that were relevant to the State's proof of the elements of the crime of assault with a weapon.

¶20     All relevant evidence is admissible. Rule 402, M.R.Evid. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, M.R.Evid.

¶21     A statement is hearsay if that statement is "made by the declarant while testifying at the trial or hearing," and is "offered in evidence to prove the truth of the matter asserted." Rule 801(c), M.R.Evid. However, a statement is not hearsay, by definition, if that statement "is offered against a party and is . . . the party's own statement, in either an individual or a representative capacity." Rule 801(d)(2)(A), M.R.Evid. If a statement is hearsay, it is not admissible, unless an exception applies. Rule 802, M.R.Evid.

¶22     One such exception to the hearsay rule is the "[t]hen-existing mental, emotional, or physical condition" exception. This exception states that "[a] statement of the declarant's then-existing state of mind, emotion, sensation, or physical condition (such as . . . mental feeling . . .), but not including a statement of memory or belief to prove the fact remembered or believed," is admissible. Rule 803(3), M.R.Evid.

¶23     In addition, under the "transaction rule," which we articulated in *State v. Hansen*, 1999 MT 253, 296 Mont. 282, 989 P.2d 338, and which is codified at § 26-1-103, MCA,

5

where a "declaration, act, or omission forms part of a transaction which is itself the fact in dispute or evidence of that fact, such declaration, act, or omission is evidence as part of the transaction." Further, statements regarding a defendant's history or imprisonment and probationary status which are inextricably linked to the circumstances surrounding the crime are also admissible. *See State v. Bauer*, 2002 MT 7, 308 Mont. 99, 39 P.3d 689.

¶24 Here, both of Brasda's statements were clearly relevant. Brasda stated that he had a knife and was not afraid of going back to prison. This statement tends to make more probable the fact that Brasda used a knife against McCarthy during the assault, and that McCarthy's apprehension at that point was reasonable. In addition, Brasda stated to Deputy Weinheimer that Deputy Weinheimer knew he did not try to stab anyone. This statement tends to make more probable the fact that Brasda had wielded a knife during the incident, a fact which Brasda denied at trial. Hence, both statements are integral to the State's proof of the elements of the crime of assault with a weapon, and to the jury's ability to evaluate witness testimony.

¶25 Further, Brasda's statements are admissible under the transaction rule set forth in *Hansen* and in § 26-1-103, MCA. Both statement one, made during the assault, and statement two, made during the arrest immediately following the assault, are declarations admissible as part of the same transaction.

¶26 Regardless, Brasda's statements target Brasda's then-existing mental state, and as such, are admissible under Rule 803(3) of the Montana Rules of Evidence.

6

¶27 Therefore, we hold that the District Court did not err in denying Brasda's motion in limine regarding statement one and statement two.

¶28 **2. Did the District Court err in admitting into evidence the knife confiscated from Brasda's person on the night of the assault?**

¶29 Brasda argues that the State tampered with evidence, namely the knife that was confiscated from Brasda's person on the night of the assault. Specifically, Brasda contends that the sheriff's department made operable a knife that was inoperable when it was confiscated. As a result of this evidence tampering, Brasda contends his "once valuable" defense theory was rendered impossible, as he was going to demonstrate that, because "the knife could in no way have been quickly opened," he could not have brandished a weapon.

¶30 The State counters that Deputy Weinheimer had opened the knife on the night of the incident and noted that it was not difficult to open. It was only after the sheriff's department performed a saline solution test for drugs that the knife became difficult to open, as some "crud" had accumulated and solidified on the knife after the test. As a result, the sheriff's department "worked" the knife several times to return it to its condition at the time it was confiscated.

¶31 Regardless, the State maintains that Brasda raises his evidence tampering argument for the first time on appeal, as the knife was received into evidence without objection. As such, the State argues that Brasda has waived his right to claim error now on appeal. We agree.

7

¶32 We have repeatedly held that we will only consider on appeal objections made at trial which are timely and specific. *Kizer v. Semitool, Inc.* (1991), 251 Mont. 199, 207, 824 P.2d 229, 234. Montana's Rules of Evidence state that error may not be predicated on the admission of evidence unless the objection to such admission was timely and states the grounds for the objection. Rule 103(a)(1), M.R.Evid. Objections which are not timely are not heard on appeal, as the time has passed to avoid or correct the error. Vandersloot, ¶ 23. An objection is timely when it is made as soon as the grounds for the objection become apparent. *Kizer*, 251 Mont. at 207, 824 P.2d at 234.

¶33 Here, when the State offered the knife into evidence, Brasda objected to its admission on the basis of its condition. The District Court then received testimony explaining the knife's condition, after which the State again moved for admission of the knife. At this point, Brasda did not object; hence, the District Court admitted the knife without objection. Brasda did not argue at the District Court level that the sheriff's department had tampered with the knife, nor did the District Court rule on such an argument. Brasda did not ask the District Court to reconsider the admissibility of the knife. Brasda did not move for a mistrial or a new trial after the knife was admitted, nor did Brasda propose a cautionary or special instruction for the jury. Again, the District Court admitted the knife without objection, and Brasda waived his right to claim error now on appeal. Therefore, we hold that the District Court did not err in admitting the knife into evidence.

¶34 **3.    Did the cumulative effect of the State's errors cause sufficient prejudice to Brasda to warrant a new trial?**

8

¶35   Brasda argues that a number of prejudicial errors occurred during the trial of his case. As such, in the event that this Court does not recognize the errors independently, Brasda contends that under the doctrine of cumulative error, he is entitled to a new trial.

¶36   The State maintains that this Court need not reach the issue of cumulative error, as the District Court did not abuse its discretion in ruling on the evidentiary issues posed. We agree.

¶37   Because we hold that the District Court did not err in denying Brasda's motion in limine regarding statement one and statement two, nor did the District Court err in admitting the knife into evidence, we do not address Brasda's cumulative error argument here.

¶38   Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ JIM RICE