No. 04-456

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 263

M. ELIZABETH NELSON,

        Plaintiff and Appellant,

    v.

ROBERT Y. NELSON,,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
                In and for the County of Custer, Cause No. DV 98-21580
                The Honorable Gary L. Day, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Robert E. LaFountain, Attorney at Law, Billings, Montana

        For Respondent:

                Brent R. Cromley, Thomas A. Mackay, Moulton, Bellingham, Longo &
                Mather, P.C., Billings, Montana; J. Dennis Corbin, Attorney at Law, Miles
                City, Montana

                                Submitted on Briefs:  December 15, 2004

                                        Decided:  October 25, 2005

Filed:

                      _____
                                   Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     M. Elizabeth Nelson (Elizabeth) appeals various orders of the District Court for the Sixteenth Judicial District, Custer County, granting Robert Y. Nelson's (Robert's) partial Motion for Summary Judgment, Motion in Limine and Motion for Judgment as a Matter of Law. We affirm.

¶2     Elizabeth raises the following issues on appeal:

¶3     1. Did the District Court err in granting Robert's Motion for Summary Judgment in part thereby precluding the presentation of testimony and evidence of Robert's allegedly negligent supervision of Merle Nelson (Merle)?

¶4     2. Did the District Court err in granting Robert's Motion in Limine thereby precluding the presentation of testimony and evidence of the accidental injection of ovine ecthyma vaccine to Elizabeth by Merle?

¶5     3. Did the District Court err in granting Robert's motion to preclude the presentation of testimony and evidence by Elizabeth's expert witnesses and in granting Robert's Motion for Judgment as a Matter of Law?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6     On May 14, 1998, Elizabeth filed a Complaint against Robert wherein she alleged that during the course of her marriage to Robert, she suffered serious and debilitating injuries while working on a ranch operated by Robert. As part of the ranch operation, Robert applied various pesticides, herbicides and insecticides (the chemicals) and also inoculated sheep against sore mouth disease. Several years prior to their marriage, Robert suffered a stroke

resulting in limited use of his right arm and right leg. Hence, Elizabeth assisted Robert with ranching activities on a regular basis from 1986 until they separated in 1992.

¶7     In her Complaint, Elizabeth claimed that on several occasions she was exposed to the chemicals as a result of Robert's improper methods of application. She also claimed that in July 1989, while she was assisting with the inoculation of sheep, she was accidentally injected with ovine ecthyma vaccine by Robert's father, Merle. This vaccine contains the live virus for sore mouth disease. Immediately after the injection, Elizabeth became dizzy and lapsed into unconsciousness. After regaining consciousness, Elizabeth continued to assist with inoculating sheep throughout the rest of that day.

¶8     Elizabeth alleged that from the time she was injected with the vaccine, she suffered numerous debilitating and painful injuries. She maintains that over the next few years, while Robert continued to apply the chemicals on the ranch, her problems surfaced and multiplied and that her doctors were unable to diagnose the cause or to provide a causal connection. Although her medical diagnosis was still inconclusive, by May 1995, Elizabeth believed that her health problems stemmed from exposure to the chemicals used on the ranch. By that time, Elizabeth was suffering from numerous health problems including obstructive lung disease, sleep apnea, pulmonary hypertension, seropositive rheumatoid arthritis, hypothyroidism and depression.

¶9     In March 1996, Elizabeth sought medical treatment from Dr. Richard Nelson. Dr. Nelson determined that toxic exposure to the nervous system associated with the chemicals and the accidental injection were the probable causes of Elizabeth's problems.

3

¶10    Elizabeth filed her Complaint against Robert on May 14, 1998, for damages incurred as a result of her exposure to the chemicals and the accidental injection. Robert moved for summary judgment arguing that Elizabeth's cause of action was barred by the three-year statute of limitations for negligence. Following a hearing, the District Court entered an order granting Robert's Motion for Summary Judgment. The court concluded that Elizabeth's claim accrued when she was accidentally injected with the vaccine in July 1989, thus her Complaint was time barred. On July 2, 2002, we reversed the District Court's decision and remanded for trial on the merits. *See Nelson v. Nelson*, 2002 MT 151, ¶ 27, 310 Mont. 329, ¶ 27, 50 P.3d 139, ¶ 27.

¶11    On October 14, 2003, Robert moved for summary judgment on the basis that no agency or employment relationship existed between Robert and Merle, thus Robert had no duty to supervise Merle while Merle was inoculating sheep on the ranch. The District Court granted Robert's Motion for Summary Judgment in part, thereby precluding the presentation of testimony and evidence regarding Robert's allegedly negligent supervision of Merle as to the vaccine injection. Thereafter, Robert filed a Motion in Limine to exclude all testimony at trial concerning the accidental injection based on the court's ruling that Robert did not have a duty to supervise Merle. The District Court granted Robert's motion.

¶12    Trial in this matter commenced on March 10, 2004. During the morning of the second day of trial, Robert moved the court to preclude any testimony by Elizabeth's expert witnesses claiming that Elizabeth failed to comply with Rule 26, M.R.Civ.P., and the District Court's Scheduling Order regarding expert witness disclosure. The District Court so ruled

4

and ordered that while Elizabeth's treating physician, Dr. Nelson, could testify to the facts of her medical condition, he could not testify regarding causation. Consequently, since Elizabeth could not establish causation, Robert moved for judgment as a matter of law. The District Court granted Robert's motion and entered judgment in favor of Robert. Elizabeth appeals the court's granting of Robert's Motion for Summary Judgment in part, Motion in Limine and Motion for Judgment as a Matter of Law.

**Issue 1.**

¶13 *Did the District Court err in granting Robert's Motion for Summary Judgment in part thereby precluding the presentation of testimony and evidence of Robert's allegedly negligent supervision of Merle?*

¶14 We review appeals from summary judgment rulings *de novo*. *Sleath v. West Mont Home Health Services*, 2000 MT 381, ¶ 19, 304 Mont. 1, ¶ 19, 16 P.3d 1042, ¶ 19, *cert. denied*, 534 U.S. 814, 122 S.Ct. 40, 151 L.Ed.2d 13 (2001) (citing *Oliver v. Stimson Lumber Co.*, 1999 MT 328, ¶ 21, 297 Mont. 336, ¶ 21, 993 P.2d 11, ¶ 21; *Motarie v. N. Mont. Joint Refuse Disposal* (1995), 274 Mont. 239, 242, 907 P.2d 154, 156; *Mead v. M.S.B., Inc.* (1994), 264 Mont. 465, 470, 872 P.2d 782, 785). When we review a district court's grant of summary judgment, we apply the same evaluation as the district court based on Rule 56, M.R.Civ.P. *Sleath*, ¶ 19 (citing *Oliver*, ¶ 21; *Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903). We set forth our inquiry in *Bruner* as follows:

> The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to

5

judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

*Sleath*, ¶ 19 (quoting *Bruner*, 272 Mont. at 264-65, 900 P.2d at 903).

¶15    Moreover, in a summary judgment proceeding, the evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences therefrom will be drawn in favor of the party opposing summary judgment. *Sleath*, ¶ 20 (citing *Oliver*, ¶ 22; *Joyce v. Garnaas*, 1999 MT 170, ¶ 8, 295 Mont. 198, ¶ 8, 983 P.2d 369, ¶ 8). Consequently, in the present case, we will view the evidence in the light most favorable to Elizabeth and all reasonable inferences will be drawn in her favor.

¶16    Elizabeth argues on appeal that the District Court erred in granting partial summary judgment to Robert regarding the injuries sustained by Elizabeth as a result of the accidental injection. Elizabeth contends that because Robert was the sole owner of the ranch, he had a duty to exercise care in choosing who could help him inoculate his sheep. Elizabeth maintains that whether Robert properly supervised Merle is a question of fact for a jury, thus summary judgment is improper.

¶17    Robert argues, on the other hand, that the District Court was correct in granting that portion of his Motion for Summary Judgement regarding Merle. Robert contends that whether the ranch was solely owned by him or was held in partnership with Elizabeth was not the basis of his Motion for Summary Judgment, nor was it the basis of the District Court's decision. Rather, the District Court's decision was based on Elizabeth's failure to

6

present any evidence that Robert had a duty to control, supervise, or was in any way responsible for Merle's actions.

¶18    In order to recover for personal injuries, a claimant must establish a legal duty, a breach of that duty, and damages proximately caused by that breach. *Estate of Strever v. Cline* (1996), 278 Mont. 165, 171, 924 P.2d 666, 669 (citing *Whitfield v. Therriault Corp.* (1987), 229 Mont. 195, 197, 745 P.2d 1126, 1127). In the case *sub judice*, Elizabeth failed to introduce any evidence that would show a duty on Robert's part to supervise Merle. Instead, Elizabeth makes general, conclusory statements regarding Robert's ownership of the ranch. However, conclusory statements are not sufficient under Rule 56, M.R.Civ.P., nor is the District Court required to anticipate possible evidence that might be produced at trial.

> Parties cannot rely merely on allegation contained in their pleadings. Further, the trial judge is not required to anticipate possible proof at trial when ruling on a summary judgment motion.

*Tucker v. Trotter Treadmills, Inc.* (1989), 239 Mont. 233, 235, 779 P.2d 524, 525 (citing *Larry C. Iverson, Inc. v. Bouma* (1981), 195 Mont. 351, 374, 639 P.2d 47, 59).

¶19   Accordingly, we hold that the District Court did not err in granting Robert's Motion for Summary Judgment in part thereby precluding the presentation of testimony and evidence of Robert's allegedly negligent supervision of Merle.

**Issue 2.**

¶20   *Did the District Court err in granting Robert's Motion in Limine thereby precluding the presentation of testimony and evidence of the accidental injection of ovine ecthyma vaccine to Elizabeth by Merle?*

¶21   In its Order granting Robert's Motion in Limine, the District Court determined that because Robert did not have a duty to supervise Merle, evidence of the accidental injection by Merle was irrelevant.  Hence, pursuant to Rule 401, M.R.Evid., Elizabeth was precluded from introducing evidence pertaining to injuries arising out of Merle's actions.

¶22   We review a district court's grant or denial of a motion in limine for an abuse of discretion.  *Grover v. Cornerstone Const. N.W., Inc.*,  2004 MT 148, ¶ 10, 321 Mont. 477, ¶ 10, 91 P.3d 1278, ¶ 10 (citing *State v. Brasda*, 2003 MT 374, ¶ 14, 319 Mont. 146, ¶ 14, 82 P.3d 922, ¶ 14).  A district court abuses its discretion if the district court "acts arbitrarily without conscientious judgment or exceeds the bounds of reason resulting in substantial injustice."  *Grover*, ¶ 10 (quoting *Brasda*, ¶ 14).  Furthermore, "[t]his Court will uphold the decision of a district court, if correct, regardless of the lower court's reasoning in reaching its decision."  *Grover*, ¶ 10 (quoting *Hulse v. State, Dept. of Justice*, 1998 MT 108, ¶ 15, 289 Mont. 1, ¶ 15, 961 P.2d 75, ¶ 15).

¶23   Elizabeth argues on appeal that the District Court erred in precluding the presentation of testimony and evidence of the accidental injection because that evidence is relevant to the

issue of negligence as it relates to her claim against Robert. In contrast, Robert contends that the Motion in Limine was a corollary to the District Court's prior ruling regarding Elizabeth's failure to show a duty on Robert's part to supervise Merle and that the motion was intended to prevent Elizabeth from testifying that Robert was responsible for any injury inflicted upon her by Merle.

¶24 Even though the District Court granted Robert's Motion in Limine to exclude this evidence, the accidental injection was referred to extensively in exhibits proposed by Elizabeth's attorney during trial. Additionally, in testifying regarding the various illnesses from which she suffers, Elizabeth discussed the accidental injection on multiple occasions as well as its relation to her medical history. In her brief on appeal, Elizabeth fails to point to any evidence offered by her at trial that was refused by the District Court on the basis of the Motion in Limine. Consequently, we conclude that Elizabeth has suffered no prejudice from the District Court's ruling.

¶25 Accordingly, we hold that the District Court did not err in granting Robert's Motion in Limine.

### Issue 3.

¶26 *Did the District Court err in granting Robert's motion to preclude the presentation of testimony and evidence by Elizabeth's expert witnesses and in granting Robert's Motion for Judgment as a Matter of Law?*

¶27 Elizabeth argues that the District Court erred in granting Robert's motion to exclude the testimony of her expert witnesses. She maintains that nine months prior to trial, she provided to opposing counsel a "Disclosure of Experts" listing her expert witnesses,

9

Dr. Nelson and Dr. Bruce Swarny, their addresses, their professions, what they would testify about, their opinions as to the cause of Elizabeth's injuries, the extent of their examinations and treatments of her, and their knowledge and review of records of other professionals who examined Elizabeth.

¶28     In its October 22, 2002 Scheduling Order, the District Court required that the "parties must simultaneously exchange expert witness lists, together with the information described in M.R.Civ.P. 26(b)(4)(A)(i)." Robert contends that Elizabeth's "Disclosure of Experts" completely fails to satisfy the requirements of Rule 26(b)(4)(A)(i), M.R.Civ.P., which provides in relevant part:

> A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

Robert argues that, with regard to Dr. Nelson, the disclosure document fails to disclose the substance of the facts and opinions to which Dr. Nelson was expected to testify and is totally void of any facts of how Dr. Nelson arrived at his opinion with regard to exposure to the chemicals, none of which are named in the disclosure document. Further, Robert argues that the disclosure document fails to set forth any research or bases upon which Dr. Nelson relied.

¶29     Similarly, Robert argues that, as regards Dr. Swarny, the disclosure document is void of any facts or actual opinions as to what Dr. Swarny would testify. Robert further argues that the disclosure document does not indicate what Elizabeth's medical problems are or how

those medical problems equate to the chemicals and the nature of any symptoms exhibited by Elizabeth or the grounds for Dr. Swarny's opinion.

¶30     We agree with Robert that the conclusory statement in the disclosure document that "Plaintiff's injuries and illnesses were caused by exposure to pesticides, herbicides, and insecticides or other ranch related chemicals and by inoculation with a live virus (Ovine Icthema)," does not satisfy the requirements of Rule 26.  Moreover, all but one of the medical reports from Dr. Nelson and Dr. Swarny that Elizabeth has attached to her brief on appeal fail to mention the chemicals or how the exposure to the chemicals may have caused Elizabeth's injuries.  Instead, the reports discuss Elizabeth's accidental injection with the live virus vaccine for which we have already determined Robert was not negligent because he did not have a duty to supervise Merle.  Moreover, neither Dr. Nelson nor Dr. Swarny refer to any specific chemical in any of their reports or disclosures.  And, in his last report, Dr. Nelson specifically excludes any opinions regarding Elizabeth's exposure to pesticides and herbicides.

> With all of [Elizabeth's physical ailments] in mind any and all of them can be aggravated by the exposure to any agents that are biologically active as ovina ictha but most especially lung and membranes and skin. *The pesticides and herbicides would have bothered her nervous system and immune system but they have not been worked up to the extent we would know whether that is the case or not.*  We have to do some very special testing of the nervous system such as PET scans, neuropsychological, P300s, etc. before we know that. [Emphasis added.]

¶31     This Court will review a district court's rulings on the admissibility of evidence to determine whether the court abused its discretion and, absent a showing of such abuse, we

11

will not overturn a district court's decision. *Christofferson v. City of Great Falls*, 2003 MT 189, ¶ 8, 316 Mont. 469, ¶ 8, 74 P.3d 1021, ¶ 8 (citing *State v. Bingman*, 2002 MT 350, ¶ 19, 313 Mont. 376, ¶ 19, 61 P.3d 153, ¶ 19). Moreover, "the trial court is vested with *great* latitude in ruling on the admissibility of expert testimony." *Christofferson*, ¶ 8 (quoting *Baldauf v. Arrow Tank and Engineering*, 1999 MT 81, ¶ 22, 294 Mont. 107, ¶ 22, 979 P.2d 166, ¶ 22) (emphasis in original).

¶32 This Court has, on a number of occasions, affirmed the authority of a district court to exclude expert testimony. In *Seal v. Woodrows Pharmacy*, 1999 MT 247, 296 Mont. 197, 988 P.2d 1230, the District Court concluded that, contrary to the District Court's scheduling order and Rule 26(b)(4)(A)(i), M.R.Civ.P., Seal's disclosure of expert witnesses did not state the substance of the facts and opinions to which the expert would testify or a summary of the grounds for the expert's opinion. Consequently, Seal was prohibited from introducing the expert's testimony into evidence. *Seal*, ¶ 20. And, in response to Seal's argument that the opposing party had a duty to ask questions about the expert witness's opinion foundation, this Court noted that such an argument "ignores the fact that the District Court's scheduling order required him to provide such information." *Seal*, ¶ 23.

¶33 Elizabeth argues that rather than excluding her expert witnesses's testimony entirely, the District Court's proper recourse in this case "may have been a continuance" to allow Robert additional time to prepare for what he claimed were undisclosed expert witnesses. However, the record reflects that Elizabeth did not request a continuance at trial, nor was one refused by the court.

¶34 Accordingly, we hold that the District Court did not err in granting Robert's motion to preclude the presentation of testimony and evidence by Elizabeth's expert witnesses.

¶35 Elizabeth further contends that the District Court's decision to dismiss the case constitutes an abuse of discretion that materially affected her substantial rights to a trial on the merits and prevented her from having a fair trial.

¶36 This Court's standard of review of appeals from district court orders granting or denying motions for judgment as a matter of law is identical to that of the district court. *Marie Deonier v. Paul Revere Life Ins. Co.*, 2004 MT 297, ¶ 18, 323 Mont. 387, ¶ 18, 101 P.3d 742, ¶ 18 (citing *Durden v. Hydro Flame Corp.*, 1998 MT 47, ¶ 22, 288 Mont. 1, ¶ 22, 955 P.2d 160, ¶ 22; *Ryan v. City of Bozeman* (1996), 279 Mont. 507, 510, 928 P.2d 228, 229-30). Judgment as a matter of law is properly granted only when there is a complete absence of any evidence which would justify submitting an issue to a jury and all such evidence and any legitimate inferences that might be drawn from that evidence must be considered in the light most favorable to the party opposing the motion. *Marie Deonier,* ¶ 18 (citing *Bevacqua v. Union Pacific R. Co.*, 1998 MT 120, ¶ 46, 289 Mont. 36, ¶ 46, 960 P.2d 273, ¶ 46; *Durden*, ¶ 21).

¶37 Here, because the District Court excluded Elizabeth's expert witnesses, Elizabeth was unable to present any evidence regarding causation, thus she could not prevail on her negligence claim. *See Hinkle v. Shepherd School Dist. # 37*, 2004 MT 175, 322 Mont. 80, 93 P.3d 1239.

¶38     Accordingly, we hold that the District Court did not err in granting Robert's Motion for Judgment as a Matter of Law.

¶39     Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE