No. DA 06-0383

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 95N

RAYLAND BRASDA,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:     The District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC 01-118(b),
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Joseph P. Gilligan, Attorney at Law, Great Falls, Montana

    For Respondent:

        Honorable Mike McGrath, Attorney General; John Paulson, Assistant
Attorney General, Helena, Montana

        Brant Light, County Attorney; Susan Weber, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs: January 31, 2007

Decided: April 10, 2007

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.   It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Rayland Brasda (Brasda) appeals from the order of the Eighth Judicial District Court, Cascade County, denying his petition for postconviction relief.

¶3    Brasda was charged by information with the offense of assault with a weapon, a felony, in violation of § 45-5-213(1)(b), MCA (1999).  Brasda was convicted in a jury trial and subsequently sentenced.  Brasda's conviction was affirmed in *State v. Brasda*, 2003 MT 374, 319 Mont. 146, 82 P.3d 922, wherein one of the issues Brasda raised concerned the knife he possessed on the night of the incident and whether the opening mechanism of the knife had been manipulated by police prior to trial to allow for easier working of the knife.  Brasda argued the manipulation had changed the condition of the knife and rendered it inadmissible as evidence in the trial.  We affirmed, noting that the court ultimately admitted the knife without objection, and, therefore, Brasda had waived his right to claim error on appeal.

¶4    Brasda then filed a petition for postconviction relief alleging ineffective assistance by reason of his counsel's (1) failure to properly object to the admission of the knife and submit a related jury instruction; (2) failure to properly challenge jurors during voir dire;

2

and (3) failure to properly develop the theory of the case. The District Court denied the petition.

¶5 On appeal, Brasda challenges the District Court's denial of his petition only in regard to his counsel's failure to object to the admission of the knife and in failing to submit an instruction directing the jury to evaluate the evidence in light of the manipulations made by police. Brasda argues he sustained his burden to establish deficient performance by his counsel and that he was unfairly prejudiced as a result, and therefore is entitled to a new trial.

¶6 "This Court reviews a district court's denial of postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. Claims of ineffective assistance of counsel are mixed questions of law and fact, which we review *de novo*." *Hendricks v. State*, 2006 MT 22, ¶ 10, 331 Mont. 47, ¶ 10, 128 P.3d 1017, ¶ 10 (citing *Thurston v. State,* 2004 MT 142, ¶ 8, 321 Mont. 411, ¶ 8, 91 P.3d 1259, ¶ 8).

¶7 We have adopted the two-prong test from *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), to measure whether the assistance of counsel was effective. *State v. Boyer*, 215 Mont. 143, 147, 695 P.2d 829, 831 (1985). Under the first part, the petitioner must show that counsel's performance was deficient. This Court applies a highly deferential standard to review the strategic decisions an attorney must make during the trial process. Under the second prong of the *Strickland* test, a petitioner must establish that the ineffective assistance caused prejudice. *State v. Rogers*, 2001 MT 165,

3

¶ 14, 306 Mont. 130, ¶ 14, 32 P.3d 724, ¶ 14.  If either part of the *Strickland* test would be dispositive, we need only address that part of the test.

¶8	"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.  "The availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges." *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066.

¶9	We are not persuaded that Brasda's counsel's performance was deficient.  She initially objected to the introduction of the knife based upon the asserted alteration by police, thus requiring the State to lay a testimonial foundation indicating that the condition of the knife had not been altered from its condition at the time of the incident. Further, even if Brasda had demonstrated that his counsel's performance was deficient, "[t]he second prong requires the defendant to establish prejudice by demonstrating that there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Davis v. State*, 2004 MT 112, ¶ 20, 321 Mont. 118, ¶ 20, 88 P.3d 1285, ¶ 20 (citing *State v. Harris,* 2001 MT 231, ¶ 19, 306 Mont. 525, ¶ 19, 36 P.3d 372, ¶ 19).  Here, admission of the knife was not prejudicial to such an extent that it would undermine confidence in the verdict, given the ample testimony available from the victims, the officers, and other witnesses regarding Brasda's use of a knife.

4

¶10    It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was no err by the District Court.

¶11    We affirm.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON