DA 10-0211

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 261

IN RE THE MARRIAGE OF:
JILL M. LUNDSTROM,

       Petitioner and Appellee,

  and

DIETER SCHOLZ,

       Respondent and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Sanders, Cause No. DR 06-25
Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Quentin M. Rhoades and Robert D. Erickson; Sullivan, Tabaracci &
Rhoades, P.C., Missoula, Montana

       For Appellee:

              Timothy G. Goen, Attorney at Law, Thompson Falls, Montana

Submitted on Briefs:  October 27, 2010

Decided:  December 14, 2010

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     The Twentieth Judicial District Court, Sanders County, entered a decree dissolving the marriage of Dieter Scholz (Scholz) and Jill Lundstrom (Lundstrom) and distributing their marital estate.  Scholz appeals.  We affirm in part, reverse in part, and remand for further proceedings consistent with this Opinion.

¶2     The present appeal marks the third occasion this Court has been involved in this divorce case.  *See In re Marriage of Lundstrom*, 2007 MT 304, 340 Mont. 83, 172 P.3d 588 [*hereinafter Lundstrom I*]; *In re Marriage of Lundstrom*, 2009 MT 400, 353 Mont. 436, 221 P.3d 1178 [*hereinafter Lundstrom II*].  Only the facts relevant to this appeal follow.

¶3     Scholz and Lundstrom were married on September 12, 2004.  Before their marriage, Lundstrom purchased two properties from Scholz.  First, on November 24, 2003, Lundstrom purchased a 77 acre parcel from Scholz, upon which Scholz's ice-making business was located, for $565,000.  The proceeds used for the purchase were from the sale of property Lundstrom owned in California, thus the transaction qualified for federal tax purposes as a Section 1031 like-kind exchange.  Lundstrom paid $322,643.33 to Scholz at closing, and executed a promissory note in the amount of $242,356.67, plus interest on the unpaid principal of 5.5% per annum.  This property is also encumbered by another mortgage in the amount of $90,000, plus interest on the unpaid principal of 10% per annum, held by Claude I. Burlingame, Daniel Parks, and Carla Parks. This 77 acre parcel is titled in Lundstrom's name only.  Second, on July 6, 2004, Lundstrom purchased a home and 7 acre parcel from

2

Scholz for $325,000. Bank of America holds a promissory note on this property in the amount of $238,000. This property is titled in Lundstrom's name only.

¶4 The parties separated in October of 2005, and Lundstrom petitioned for divorce in March 2006. The divorce proceedings were marred by continuous discovery disputes, numerous attorney substitutions by both parties, motions for sanctions, and two appeals to this Court. As we said previously, this case has been "an odyssey of proceedings." *Lundstrom II*, ¶ 3.

¶5 After remand in *Lundstrom II*, the District Court entered its Findings of Fact, Conclusions of Law, and Decree on March 29, 2010. The District Court found that the property transactions discussed above were premarital, thus the properties were not part of the marital estate, and awarded the properties to Lundstrom. In awarding the properties to Lundstrom, the District Court found that Lundstrom was solely responsible for the $238,000 debt on the 7 acre parcel. Then, it found Lundstrom owed nothing to Scholz on the $242,356.67 promissory note on the 77 acre parcel because Scholz used the proceeds to pay a debt to the Small Business Administration (SBA). Scholz appeals.

¶6 We restate the issues on appeal as follows:

¶7 *Issue One: Did the District Court err in allowing certain evidence at the bench trial?*

¶8 *Issue Two: Did the District Court err in determining that both the 7 acre and 77 acre properties were not part of the marital estate?*

¶9 *Issue Three: Did the District Court err in determining that Lundstrom owes Scholz nothing on the $242,356.67 promissory note on the 77 acre property?*

3

**STANDARD OF REVIEW**

¶10 Evidentiary rulings are reviewed for an abuse of discretion. *Nelson v. Nelson*, 2005 MT 263, ¶ 31, 329 Mont. 85, 122 P.3d 1196. Absent a showing of an abuse of discretion, we will not overturn a district court's decision. *Id*.

¶11 In a dissolution proceeding, we review a district court's findings of fact to determine whether they are clearly erroneous. *In re Marriage of Crilly*, 2005 MT 311, ¶ 10, 329 Mont. 479, 124 P.3d 1151. A finding of fact is clearly erroneous if it is not supported by substantial evidence, the district court misapprehended the effect of the evidence, or our review of the record convinces us that the district court made a mistake. *Id*. Absent clearly erroneous findings, we will affirm a district court's division of property unless there was an abuse of discretion. *Id*. A district court abuses its discretion if it acts arbitrarily without conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *Id*.

**DISCUSSION**

¶12 *Issue One: Did the District Court err in allowing certain evidence at the bench trial?*

¶13 Scholz contends that the District Court erred when, contrary to its previous order, it allowed Lundstrom to enter evidence that was not disclosed in discovery, and allowed an expert to testify about the value of the two properties. Scholz contends this was "trial by surprise."

¶14 The District Court did not abuse its discretion when it admitted evidence and testimony at the bench trial. We remanded in *Lundstrom II* specifically for "reconsideration

4

of appropriate sanctions and an equitable distribution of the marital estate." *Lundstrom II*, ¶ 21. We found that "the District Court's findings of fact underlying the distribution of the marital estate [were] clearly erroneous because they [were] not based on substantial evidence in the record" because the District Court had simply adopted Scholz's proposed distribution as a sanction for Lundstrom's violations of court orders. *Id*. at ¶ 20. The District Court did not comply with § 40-4-202, MCA, and the case was remanded for the District Court to make the appropriate findings of fact and to equitably distribute the parties' marital estate.

¶15 Consistent with *Lundstrom II*, the District Court held a bench trial at which the parties could submit evidence as to how the parties' assets, liabilities, and personal property should be equitably distributed. That the District Court would receive evidence should not have been a surprise to Scholz, given our ruling in *Lundstrom II*. Further, consistent with *Lundstrom II*, the District Court reconsidered the previous sanctions against Lundstrom, namely that she could not submit into evidence anything not revealed during discovery. The District Court stated, "[n]either party has played by the rules. This court ordered both parties to file their proposals four years ago and neither one of you have done it. So you've thrown discovery and deadlines and any sanctions for violation of that out the window." Based upon the record before the Court and the history of this case, the District Court did not abuse its wide discretion when it allowed Lundstrom to submit evidence and expert testimony at the bench trial.

¶16 *Issue Two: Did the District Court err in determining that both the 7 acre and 77 acre properties were not part of the marital estate?*

¶17 Scholz argues that the District Court abused its discretion when it determined that both the 7 acre and 77 acre parcels were Lundstrom's premarital property because the District Court ignored the substantial contributions Scholz made to the properties after the sales and disregarded the nature of the transaction regarding the 77 acre parcel.

¶18 In a dissolution proceeding, the District Court shall "equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both," considering all the circumstances of a particular marriage. Section 40-4-202(1), MCA; *Arnold v. Sullivan*, 2010 MT 30, ¶ 23, 355 Mont. 177, 226 P.3d 594. For property acquired before the marriage, the district court shall consider the contributions of the other spouse. Section 40-4-202(1), MCA. This means that, regardless of who holds title, assets belonging to a spouse prior to the marriage are not part of the marital estate unless the non-acquiring spouse contributed to the preservation, maintenance, or increase in value of that property. *Arnold*, ¶ 28. If the non-acquiring spouse contributes to the property's preservation, maintenance, or appreciation, the district court should award the non-acquiring spouse his or her equitable share of that preserved, maintained, or appreciated value attributable to his or her efforts. *Id.* However, the non-acquiring spouse is not entitled to his or her equitable share of the property's increased value when the appreciation was due simply to market factors. *Id.*

¶19 The District Court found both the 7 acre and 77 acre properties were Lundstrom's premarital property, and found that Scholz made no substantial contributions to either

6

property after selling them to Lundstrom. Therefore, the two properties were not part of the marital estate.

¶20 Regarding the 7 acre property and home, Scholz contends he made or contributed to substantial improvements to the home, such as extending the residence by approximately 800 square feet, adding guest quarters, remodeling the kitchen, and constructing an office. Scholz claims he paid for these improvements with the proceeds of the sale of the 77 acre parcel to Lundstrom. Regarding the 77 acre property, Scholz contends he and Lundstrom constructed a warehouse on the parcel; he contributed approximately $44,000 to pay contractors to work on the warehouse; and he paid for the roof, plumbing, and concrete for a partially completed log cabin on the property.

¶21 Lundstrom's testimony at the bench trial was that Scholz made improvements to the home on the 7 acre property before he sold it to her. Scholz's testimony reflects various improvements were made to the home with a portion of the proceeds from the earlier sale of the 77 acre property to Lundstrom. However, Scholz did not testify as to when these improvements occurred. Lundstrom paid all the taxes associated with the property, and it was titled in her name only. Based upon the record before the District Court, its findings that the 7 acre property and home were Lundstrom's premarital property, and that Scholz did not make substantial contributions to that property, are not clearly erroneous.

¶22 The record shows that Scholz's contributions to the warehouse on the 77 acre property were made before selling it to Lundstrom. It appears from the record that the log cabin project began in 2003, prior to the sale of the 77 acre property to Lundstrom. However, it is

7

difficult to determine from the record when the log cabin construction started, and when or if any improvements to the log cabin were made after the marriage. Again, Lundstrom paid all the taxes associated with the property, and it was titled in her name only. On the record before it, the District Court's findings that the 77 acre property was Lundstrom's premarital property, and that Scholz did not make substantial contributions to that property, are not clearly erroneous.

¶23 The District Court's findings of fact regarding these two properties are not clearly erroneous, nor did the District Court act arbitrarily when awarding the two properties to Lundstrom and finding that Scholz did not substantially contribute to the properties. There was no abuse of discretion. We affirm.

¶24 *Issue Three: Did the District Court err in determining that Lundstrom owes Scholz nothing on the $242,356.67 promissory note on the 77 acre property?*

¶25 Scholz asserts the District Court erred when it found that Lundstrom owes nothing on the $242,356.67 promissory note because Lundstrom admits she has made no payments on the note and it is still due. Lundstrom maintains that Scholz owed her money from various loans she made to him.

¶26 After reviewing the record, we are convinced the District Court made a mistake when it found that Lundstrom owed nothing to Scholz on the $242,356.67 promissory note. In finding the 77 acre property was Lundstrom's premarital property, the District Court treated the sale of the property as essentially an arm's-length transaction between Scholz and Lundstrom. As part of that transaction, Scholz agreed to transfer the property to Lundstrom

8

in consideration for a $322,643.33 down payment, and a promissory note in the amount of $242,356.67, plus interest on the unpaid principal of 5.5% per year. Scholz transferred the property to Lundstrom, and it is titled in her name only. Lundstrom paid all the taxes and insurance on the property. Lundstrom did not make payments on the promissory note.

¶27 The District Court found that "[Scholz] was relieved of his $523,000 debt to SBA as part of this transaction and [Lundstrom] owes nothing further on the [$242,356.67] note to [Scholz]." The District Court's order states no other reason why Lundstrom should not be required pay to Scholz the full amount due under the promissory note. What Scholz did with the proceeds of the sale should have no bearing on Lundstrom's obligation to pay the full agreed upon price for the 77 acre property. In consideration for payment of the purchase price, including the promissory note, Lundstrom received the 77 acre property free of encumbrances. It appears both Lundstrom and Scholz received the full benefit of the bargain. Thus, the record is inadequate to explain why the District Court relieved Lundstrom of her obligation to pay Scholz the full amount due under the promissory note, and the District Court's findings are therefore clearly erroneous.

¶28 Because we are unable to determine why the District Court relieved Lundstrom of her obligation to pay the promissory note, we must remand to the District Court to clarify its findings of fact and conclusions of law to justify relieving Lundstrom of her obligation to pay the promissory note, or make any other modifications it deems necessary to insure an equitable division of the marital estate.

## CONCLUSION

9

¶29 The District Court is affirmed in part, reversed in part, and the case is remanded for further proceedings consistent with this Opinion.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS