No. 04-222

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 224

BRENDA EDIE and GLEN EDIE,

       Plaintiffs and Appellants,

   v.

SALLY GRAY,

       Defendant and Respondent.


APPEAL FROM:    District Court of the First Judicial District,
                     In and for the County of Lewis and Clark, Cause No. CDV 01-444
                     The Honorable Thomas C. Honzel, Judge presiding.


COUNSEL OF RECORD:

       For Appellants:

              John C. Doubek, Doubek & Pyfer, LLP, Helena, Montana

       For Respondent:

              Richard J. Briski, Attorney at Law, Helena, Montana


                                 Submitted on Briefs:  January 11, 2005

                                       Decided: September 13, 2005

Filed:

                                       Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Brenda and Glen Edie (Edies), appeal from a jury verdict rendered in favor of Sally Gray (Gray) and from the denial of their Motion for Partial Summary Judgment by the First Judicial District Court, Lewis and Clark County.  We reverse and remand.

## ISSUES

¶2     The dispositive issues on appeal are whether the District Court erred in failing to grant partial summary judgment to Edies and whether it abused its discretion in submitting a jury instruction on comparative negligence.

## BACKGROUND

¶3     The Edies rented a house from Gray in November 2000.  At the time Edies entered into a lease agreement, a stairwell light located on a landing between the upstairs and the basement was not functional.  Edies maintain that as a result of diminished lighting, on March 10, 2001, Brenda Edie (Edie), thinking she was at the bottom of the stairs, missed the last step and fell.  She suffered a severely broken ankle, which she asserts forced her to quit her job and, which at the time of trial in March 2004, continued to cause her pain.

¶4      After Edie fell, Edies filed suit against Gray seeking damages.  They asserted Gray was aware the light did not work, but failed to fix it.  They argued in their Complaint that Gray had a duty to provide "safe and habitable premises;" that she breached that duty; and the breach was the proximate cause of Edie's fall and damages.  Gray in turn filed an answer denying liability by asserting that Edies had agreed to repair the light and had failed to do

2

so. She also filed a third-party complaint against her premises manager Nancy Fuller (Fuller) asserting Fuller was liable for any damages that might have been sustained by Edie.

¶5 Edies filed a motion for partial summary judgment on the issue of liability claiming that Gray was negligent as a matter of law. Edies argued that Gray admitted in her third-party Complaint against Fuller that Fuller was Gray's agent and that Fuller "had carelessly and negligently" failed to properly maintain the premises being rented by Edies. They asserted that Gray was liable for the negligent actions of her agent, and as a result of Gray's admission of Fuller's negligence, they were entitled to summary judgment as a matter of law.

¶6 The District Court denied Edies' partial summary judgment motion on July 8, 2003, citing the existence of material issues of genuine fact, including Gray's allegation that Edies had agreed to repair the light, but failed to do so, and the fact that Fuller had not yet filed an answer to Gray's third-party complaint, leaving open the question of whether she was Gray's agent, and thus potentially liable.

¶7 Subsequently, Edies filed a Motion in Limine requesting an order precluding Gray from "stating, inferring or insinuating that [Edies] had any duty to fix the involved light/light switch." Edies, relying on § 70-24-303(4)(a), MCA, of the Residential Landlord and Tenant Act (RLTA), argued that any agreement under which Edies would be required to undertake such repair must be in "a separate writing signed by the parties." They asserted that no such written agreement existed.

¶8 Gray countered that such a written document did exist. She also argued that Edies should not be allowed to argue the applicability of the RLTA since they had not pled a violation of the Act in their Complaint.

¶9 The District Court, in its Order on Motions in Limine, found that the documents presented by Gray purporting to be written evidence of Edies' agreement to perform some maintenance and repair activities either did not indicate that the Edies agreed to repair the light/light switch or were unsigned by all the parties, and therefore were inapplicable. The District Court concluded that the parole evidence rule precluded the admission of the unsigned agreement. Lastly, the court held that Edies' Complaint alleged that Gray "had a duty to provide safe and habitable premises," and that this duty derived directly from § 70-24-303(1)(c), MCA, of the RLTA. The court concluded that "[b]ecause the duty allegedly breached by Gray was imposed by the Act, Gray was given notice that the cause was brought under the Act."

¶10 During trial, Edies moved for judgment as a matter of law on liability, which the court denied. Subsequently, the jury returned a verdict in favor of Gray and against Edies. Edies now appeal from the decision of the District Court.

**STANDARD OF REVIEW**

¶11 This Court's review of a district court's grant of summary judgment is *de novo*. Our evaluation is the same as that of the trial court. We apply the criteria contained in Rule 56, M.R.Civ.P. According to this Rule, "the moving party must establish both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." If this is

4

accomplished, "the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist." If the court determines that no genuine issues of fact exist, "the court must then determine whether the moving party is entitled to judgment as a matter of law." We review legal determinations made by a district court to determine whether the conclusions are correct. *Grimsrud v. Hagel*, 2005 MT 194, ¶ 14, ___Mont. ___, ¶ 14, ___ P.3d ___, ¶ 14 (internal citations omitted).

¶12 Our standard of review relating to discretionary trial court rulings, such as the giving of jury instructions . . . is whether the trial court abused its discretion. *Hislop v. Cady* (1993), 261 Mont. 243, 247, 862 P.2d 388, 390.

## DISCUSSION

¶13 Edies argue the District Court should have granted their motion for judgment as a matter of law. They maintain that Gray was negligent as a matter of law because she violated the RLTA, Title 70, Chapter 24, MCA. Gray counters that material issues of genuine fact existed as to liability, precluding summary judgment.

¶14 As noted above, after denying Edies' request for partial summary judgment on liability, the District Court determined that the RLTA applied to this case. The court also concluded that no written agreement existed that transferred the obligation to repair the light fixture at issue in this case to the Edies. The District Court's Order rendering these conclusions has not been appealed and, thus, is the law of the case. *In re Lewis*, 2004 MT 160, ¶ 6, 322 Mont. 13, ¶ 6, 92 P.3d 1218, ¶ 6 ("That conclusion is not challenged on appeal and, therefore, is the law of the case.")

5

¶15    The relevant portions of the RLTA provide:

(1) A landlord:
. . .
(c) shall make repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition;
. . .
(e) shall maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, air-conditioning, and other facilities and appliances, including elevators, supplied or required to be supplied by the landlord; . . .

Sections 70-24-303(1)(c) and (e), MCA.

(4)  A landlord and tenant of a one-, two-, or three-family residence may agree that the tenant is to perform specified repairs, maintenance tasks, alterations, or remodeling only if:
(a)  the agreement of the parties is entered into in good faith and not for the purpose of evading the obligations of the landlord and is set forth in a separate writing signed by the parties and supported by adequate consideration.

Section 70-24-303(4)(a), MCA.

¶16    In Montana, to establish negligence *per se*, a plaintiff must prove four elements:

(1) the defendant violated a particular statute; (2) the statute was enacted to protect a specific class of persons; (3) the plaintiff is a member of that class; (4) the plaintiff's injury is the sort the statute was enacted to prevent; and (5) the statute was intended to regulate a member of defendant's class.

*Dobrocke v. City of Columbia Falls*, 2000 MT 179, ¶ 61, 300 Mont. 348, ¶ 61, 8 P.3d 71, ¶ 61 (overruled on other grounds).  Sections 70-24-303(1)(c) and (e), MCA, of the RLTA expressly required Gray to "make repairs . . . to . . . keep the premises in a fit and habitable condition," and to "maintain in good and safe working order and condition all electrical" facilities.  Under § 70-24-303(4)(a), MCA, of the RLTA, Gray could have avoided liability for her failure to do so only if she could produce a separate written document signed by all

6

the parties in which the Edies specifically agreed to repair the light/light switch. Gray was unable to produce such a document. As a result, Gray violated that statute by failing to repair and maintain the property.

¶17 The RLTA was intended to protect renters, and Edie was a renter; slip and falls are the sort of injury the statute was designed to prevent, and this was a slip and fall; and the RLTA was intended to regulate rental property landowners, such as Gray. *See Calder v. Anderson* (1996), 275 Mont. 273, 279, 911 P.2d 1157, 1160 (deciding a landlord who violated the RLTA by failing to maintain the sidewalk was negligent *per se*). Thus, Gray was negligent *per se*. As a result, the District Court erred in denying Edies' Motion for Partial Summary Judgment on liability.

¶18 Edies also argue that the District Court abused its discretion in allowing jury instructions and argument on comparative negligence. They maintain that comparative negligence was not an issue in this case because Gray was negligent *per se* under the RLTA. Gray counters by showing that the Edies offered a special verdict form allowing the jury to find the parties were comparatively negligent, and, thus, waived any objection. Gray's argument, however, fails because the Edies offered the special verdict form only *after* the District Court denied the Edies' motion to preclude Gray from arguing comparative negligence. By the time the Edies offered the special verdict form, they were reacting to the District Court's ruling, to which they had already objected. Given the chronology of court rulings, it cannot be said that the Edies waived their objection to the introduction of comparative negligence.

¶19 Nevertheless, even in negligence *per se* cases, the fact finder must apportion negligence between the two parties in reaching its verdict. *Reed v. Little* (1984), 209 Mont. 199, 206-07, 680 P.2d 937, 940-41. In the present case, however, there is no evidence that Brenda Edie acted negligently. Although Glen Edie testified that he took the extraordinary precaution of counting steps when he walked down in the dark, such an unusual precaution is no more necessary than requiring a driver to stop, exit his vehicle and look before crossing a railroad track. *Compare Baltimore & Ohio R.R. v. Goodman* (1927), 275 U.S. 66, 48 S.Ct. 24, 72 L.Ed. 167 (requiring the reasonable man to stop, get out of his vehicle, and look before crossing railroad tracks), with *Pokora v. Wabash R. Co.* (1934), 292 U.S. 98, 54 S.Ct. 580, 78 L.Ed. 1149 (removing that requirement because "[t]o get out of a vehicle and reconnoitre is an uncommon precaution, as everyday experience informs us").

¶20 Finally, Gray argues that responsibility should be shifted to Edie for failing to notify Gray that the light switch was broken. However, both Gray's deposition testimony and her trial testimony reveal, unequivocally, that she knew of the broken light/light switch at the time the Edies entered into the lease agreement. Furthermore, § 70-24-303(1)(c), MCA, of the RLTA imposes the duty of repair upon the landlord. It does not impose a duty to notify upon the tenant.

¶21 In reviewing jury instructions, we consider all the instructions as a whole to determine whether they fully inform the jury of the law of the case, and we will not overturn a trial court's decisions in instructing a jury unless the court has abused its discretion. *Byers v. Cummings*, 2004 MT 69, ¶ 41, 320 Mont 339, ¶ 41, 87 P.3d 465, ¶ 41. In the case before

8

us, however, there is no evidence in the record to support a jury instruction or argument on the theory of comparative negligence. It was an abuse of discretion, therefore, for the District Court to provide such an instruction.

## CONCLUSION

¶22    For the foregoing reasons, we reverse the jury verdict in favor of Gray. We remand this matter to the District Court for retrial exclusively on the determination of damages.

/S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE