
DA 09-0466

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 57

HELEN VINCENT,

        Plaintiff and Appellant,

  v.

BNSF RAILWAY COMPANY,
a Delaware Corporation,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 07-0778
Honorable Ingrid Gustafson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            William G. Jungbauer; Yaeger, Jungbauer & Barczak, PLC;
Minneapolis, Minnesota

        For Appellee:

            Jacquelyn M. Hughes; Hedger Friend, PLLC; Billings, Montana

Submitted on Briefs: February 24, 2010

Decided: March 23, 2010

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Helen Vincent (Vincent) appeals from an order and judgment of the Thirteenth Judicial District Court, Yellowstone County. The District Court entered judgment for Vincent in the amount of $184,856 following a jury trial. The court subsequently denied Vincent's motions pursuant to M. R. Civ. P. 50 and 59. We affirm.

¶2 We review the following issues on appeal:

¶3 *Did the District Court err by concluding that there was sufficient evidence to support an instruction on mitigation of damages?*

¶4 *Did the District Court err in its manner of instructing the jury on the duty to mitigate damages?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 Vincent was employed by Burlington Northern Santa Fe Railway Company (BNSF) as a laborer in Idaho. On July 10, 2005, Vincent sustained an employment-related injury to her elbow and subsequently worked light duty until February 2006. Vincent's employment with BNSF ended on February 26, 2006.

¶6 BNSF offered Vincent an Inspection Officer position prior to the termination of her employment. The position was created specifically for injured employees and tailored to accommodate the medical restrictions of injured employees. BNSF maintains that Vincent would have received the position if she had applied for the job and passed a background check. Vincent ultimately elected not to apply for the job.

2

¶7     Vincent filed a claim under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51. BNSF admitted liability, and the case proceeded to a jury trial on damages. Vincent made a pretrial motion in limine to preclude BNSF from presenting evidence about the Inspection Officer position, which was denied. Vincent also made a motion for a directed verdict on the issue of mitigation of damages. The court denied the motion and stated, "I think there has been at least some evidence presented with regard to the mitigation and what [Vincent] did or didn't do. And it seems reasonable to have the jury decide if in fact [BNSF] met its burden of proof with regard to establishing that [Vincent] didn't mitigate."

¶8     BNSF and Vincent submitted proposed jury instructions. However, the only instructions regarding mitigation of damages were submitted by BNSF. Vincent objected to all of BNSF's proposed mitigation instructions on the basis that there was insufficient evidence to support any mitigation instructions, but the court made it clear that mitigation instructions would be given. Despite the fact that the District Court had denied Vincent's motion for a directed verdict on the issue of mitigation of damages, Vincent failed to offer any instructions concerning mitigation, even though she was afforded the opportunity to do so.

¶9     During the settling of instructions, Vincent objected to BNSF's Proposed Instruction No. 3, and the instruction was refused. Vincent objected to a portion of BNSF's Proposed Instruction No. 5, and the objectionable portion was stricken. Vincent did not object to BNSF's Proposed Instruction No. 4 on grounds other than insufficient evidence, and it was given.

¶10 Based on Vincent's objections to and the District Court's rejection of BNSF's Proposed Instruction No. 3, and because Vincent had offered no proposed instruction, the court gave Montana Pattern Instruction 25.94 as Jury Instruction 28, which stated: "The Plaintiff has a duty to minimize his damages. However, that duty does not require him to do what is unreasonable or impracticable." The court also gave Jury Instruction 29, which stated that the "Defendant has the burden to prove that the plaintiff has failed to mitigate her damages." Vincent did not argue that the instructions given were insufficient. The jury returned a verdict of $184,856 for Vincent.

¶11 In her motion for a new trial, Vincent argued, first, that "BNSF introduced no evidence of any kind as to alternative jobs [Vincent] could perform or the wage rate available for such work." Thus, according to Vincent, there was insufficient evidence to support BNSF's defense of failure to mitigate damages. Second, Vincent maintained that although the Montana Pattern Jury Instructions that were given to the jury on the issue of mitigation of damages were accurate, "[t]he problem is *THEY DID NOT TELL THE JURY WHAT TO DO*." (Emphasis in original.)

¶12 The District Court rejected both of Vincent's arguments. With respect to Vincent's first argument that there was insufficient evidence to support an instruction on mitigation of damages, the court stated that BNSF had "presented ample evidence from which the jury could have determined [Vincent] failed to mitigate her damages." Notably, a nurse for BNSF testified extensively about the Inspection Officer job. "Given the evidence presented at trial, it was within the province of the jury to determine if BNSF made an actual job offer,

4

the extent of [Vincent's] physical limitations, whether the demands of the Inspector [sic] Officer job accommodated those limitations, and whether BNSF met its burden to show [Vincent] failed to mitigate her damages."

¶13 With respect to Vincent's second argument concerning the jury instructions related to mitigation of damages, the court observed that Vincent had admitted that the instructions the court gave were correct statements of law. The court also stated that "[d]espite the Court's prior denial of [Vincent's] motion in *limine* to preclude [BNSF] presenting evidence regarding mitigation of damages, [Vincent] did not propose any instructions regarding mitigation of damages." The court concluded that counsel for Vincent and BNSF had "full opportunity in their closing arguments to argue to the jury the significance and meaning of the instructions and what exactly the jury should do when considering the mitigation of damages issue." The District Court subsequently denied Vincent's motion for a new trial. Vincent appeals.

## STANDARD OF REVIEW

¶14 Our standard of review relating to discretionary trial court rulings, such as the giving of jury instructions, is whether the trial court abused its discretion. *Edie v. Gray*, 2005 MT 224, ¶ 12, 328 Mont. 354, 121 P.3d 516; *see also Payne v. Knutson*, 2004 MT 271, ¶ 14, 323 Mont. 165, 99 P.3d 200 (stating that "[w]e give great leeway to the district courts in instructing the jury"). In reviewing whether a particular jury instruction was properly given or refused, we consider the instruction in its entirety, as well as in connection with the other

5

instructions given and with the evidence introduced at trial. *See Kiely Const., L.L.C. v. City of Red Lodge*, 2002 MT 241, ¶ 62, 312 Mont. 52, 57 P.3d 836.

## DISCUSSION

¶15 *Did the District Court err by concluding that there was sufficient evidence to support an instruction on mitigation of damages?*

¶16 Vincent argues on appeal that "BNSF proffered no evidence of what the physical requirements of the inspection officer job were." She maintains that BNSF "simply failed to meet its burden of production" in order to be entitled to an instruction on mitigation of damages. Accordingly, Vincent contends that no instruction on mitigation should have been given to the jury.

¶17 We disagree. The record reflects that Vincent was able to look for work and that an appropriate job was available. A nurse for BNSF offered Vincent the Inspection Officer position and told her that she would be willing to discuss the position with Vincent. The nurse subsequently testified that the Inspection Officer position required only the ability to use a cellular phone and operate a company vehicle, and that the position could be modified to accommodate Vincent's work restrictions. The nurse testified that Vincent would have received the position had she applied for it and passed a background check.

¶18 Vincent, in response, testified that she had refused the position because it did not offer union protection and because she would have had to work in the presence of an individual she did not like. She admitted that she had never asked any questions about the position. Vincent testified that she had previously worked in non-union positions. Moreover, Vincent

6

also testified that she had hoped to become a conductor, and that the conductor position would have required her to work in the presence of the individual she did not like. Vincent declined BNSF's offers to participate in vocational rehabilitation programs.

¶19 We conclude that, given the evidence presented at trial, BNSF met its burden of production with respect to mitigation of damages. The District Court did not err by concluding that there was sufficient evidence to support an instruction on mitigation of damages.

¶20 *Did the District Court err in its manner of instructing the jury on the duty to mitigate damages?*

¶21 Vincent argues that the mitigation instructions given to the jury "needed to explain to the jury exactly what they needed to do if they found Vincent failed to mitigate. The instructions also probably should have instructed the jury as to the meaning of mitigation damages." She contends that the District Court's "duty as to instruction" and BNSF's burden to provide the court with proper instructions as to mitigation were not discharged simply because Montana Pattern Instructions were used. Vincent lastly hypothesizes that the jury likely "awarded no future damages due to the infirmity of the jury instructions" and asks this Court to reverse and remand so that a new trial can be held on damages.

¶22 We decline to do so. We will not review the propriety of jury instructions where a party has failed to preserve these issues for appeal. *See e.g. Greytak v. RegO Co.*, 257 Mont. 147, 152, 848 P.2d 483, 486 (1993). The record reflects that Vincent objected to jury instructions concerning mitigation on the grounds that there was insufficient evidence to

7

support an instruction on mitigation of damages. She thus preserved her objection to the instructions on those grounds.

¶23 However, because we conclude that there was sufficient evidence to support an instruction on mitigation of damages, Vincent therefore had an obligation to proffer her own proposed jury instructions concerning mitigation. Vincent also had an obligation to object to the Montana Pattern Instructions concerning mitigation on the grounds that they were inadequate. Vincent was aware that the District Court was going to instruct the jury on mitigation of damages after her motion for a directed verdict was denied. Moreover, Vincent states in her opening brief on appeal that "[t]he parties knew *going in* that mitigation of damages would be the key battleground in the trial." (Emphasis added.)

¶24 Vincent first raised the issue of the adequacy of the Montana Pattern Instructions concerning mitigation in her Rule 50 and 59 motion. A party may not use M. R. Civ. P. 59 to raise arguments that could have been raised prior to judgment or to "give a litigant a second bite at the apple." *Hi-Tech Motors, Inc. v. Bombardier Motor Corp. of Am.*, 2005 MT 187, ¶ 34, 328 Mont. 66, 117 P.3d 159. Vincent failed to raise the issue of the adequacy of the mitigation instructions and failed to offer proposed jury instructions concerning mitigation after she knew that the jury would be instructed about mitigation. Vincent's sole objection was founded on her argument that there was insufficient evidence to support an instruction on mitigation of damages. Therefore, we conclude that Vincent failed to preserve her objection to the adequacy of the instructions. We decline to address her argument on appeal.

8

**CONCLUSION**

¶25   We conclude that the District Court did not err by instructing the jury on mitigation of damages.   We decline to address Vincent's argument concerning the adequacy of the instructions on mitigation of damages.

¶26   Affirmed.


/S/ MICHAEL E WHEAT


We Concur:


/S/ MIKE McGRATH
/S/ PATRICIA O. COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS