DA 12-0227

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 305N

LOLA CASTRO,

       Plaintiff and Appellant,

  v.

ERNIE'S AUTO,

       Defendant and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Thirteenth Judicial District,<br>In and For the County of Yellowstone, Cause No. DV-11-1689<br>Honorable G. Todd Baugh, Presiding Judge |

COUNSEL OF RECORD:

       For Appellant:

              Joe Hardgrave, Montana Legal Services Association, Billings, Montana

       For Appellee:

              Calvin J. Stacey, Bryan M. Kautz, Stacey & Funyak, Billings, Montana

                        Submitted on Briefs:  November 29, 2012

                                  Decided:  December 24, 2012

Filed:

                           _____
                                     Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     In March 2011, Lola Castro purchased a used car for $1,500 from Ernie's Auto in Billings, Montana. She did not test drive the car before purchasing it. She signed multiple purchase documents indicating the car was being "Sold As Is," without any expressed or implied warranty. After Castro departed from Ernie's lot, the vehicle broke down approximately 2.5 miles away. Castro ultimately returned the vehicle and demanded her money back. Ernie's refused. Castro sued and the Justice Court of Yellowstone County entered a directed verdict in favor of Ernie's. The Thirteenth Judicial District Court affirmed this ruling on appeal. Castro appeals. We affirm.

## ISSUES

¶3     A restatement of the issues is:

¶4     Did the Justice Court err by granting Ernie's Auto's motion for a directed verdict?

¶5     Did the Justice Court err by not addressing Castro's claim that Ernie's Auto had an obligation to reimburse the purchase price?

¶6     Did the District Court err in affirming the decision of the Justice Court?

## FACTUAL AND PROCEDURAL BACKGROUND

¶7 On or around March 4, 2011, Lola Castro, a Lodge Grass resident, called Ernie's Auto in Billings to inquire about a used 1995 Cadillac DeVille advertised for sale in a local newspaper. The price was listed at $1,995 but Ernie's agreed to sell it to Castro for $1,500. On Friday, March 4, Castro and her husband drove to Billings to purchase the car. Upon arrival at Ernie's lot at around 5:30 p.m., Castro signed multiple purchase documents each of which indicated in bold print that the car was being sold "AS IS" without any expressed or implied guarantees or warranties. Neither Castro nor her husband test drove the car before purchase.

¶8 At around 6:00 p.m., Castro and her husband left Ernie's. Castro's husband drove the Cadillac and Castro drove the family's other car. Approximately 2.5 miles from Ernie's, the Cadillac began steaming and losing fluids from the radiator. They pulled into a Town Pump service station and left the vehicle there without seeking service. Castro testified that her husband called Ernie's at that time and multiple times over the following few days but there is no record of those discussions. Castro left the Cadillac parked at the Town Pump until the following Wednesday. On that day, she and her husband returned to the Town Pump, purchased and installed a battery in the Cadillac, and drove it back to Ernie's. They parked it on the street near Ernie's lot, returned the keys to Ernie's and demanded refund of their purchase money. Ernie's refused to refund Castro's money.

¶9 On April 1, 2011, Castro filed a Complaint in Yellowstone County Justice Court. She alleged Ernie's had breached an express warranty, violated the Montana Consumer Protection Act, and was negligent. She also alleged that she had the right to revoke her

acceptance. She prayed for a refund of her $1,500 purchase money, as well as $3,000 in damages under § 30-14-133, MCA, and reasonable attorney fees.

¶10 The Justice Court held a bench trial on October 24, 2011, and at the close of Castro's testimony, granted Ernie's motion for a directed verdict. Castro appealed to the District Court in December 2011. On March 22, 2012, the District Court affirmed the directed verdict and dismissed Castro's appeal. She now appeals to this Court.

## STANDARD OF REVIEW

¶11 We review the grant or denial of a motion for a directed verdict de novo. *In re S.F.*, 2010 MT 244, ¶ 8, 358 Mont. 185, 244 P.3d 316.

## DISCUSSION

¶12 *Did the Justice Court err by granting Ernie's Auto's motion for a directed verdict?*

¶13 Castro was the sole witness called in her case-in-chief in Justice Court. At the close of her testimony, the Justice Court granted Ernie's motion for directed verdict. We conduct a de novo review of an order of directed verdict. We determine as a matter of law whether the non-moving party—in this case, Castro—could prevail upon any view of the evidence including any legitimate inferences that could be drawn from the evidence. *Cameron v. Mercer*, 1998 MT 134, ¶ 8, 289 Mont. 172, 960 P.2d 302. *See also DiMarzio v. Crazy Mt. Constr., Inc.*, 2010 MT 231, ¶ 34, 358 Mont. 119, 243 P.3d 718.

¶14 Castro asserts that neither the Justice Court nor the District Court issued detailed findings of fact and conclusions of law addressing each of her claims against Ernie's. We note, however, that the Justice Court created a transcribed record of the bench trial and

4

explained the rationale for its ruling on Ernie's motion for a directed verdict. We therefore have a transcript of the trial to aid us in our review.

¶15 On appeal before this Court, Castro argues that the Justice Court erred by granting a directed verdict without addressing her individual claims against Ernie's. She argues that under the Montana Uniform Commercial Code, § 30-2-608, MCA, she is entitled to revoke her acceptance of the vehicle provided she does so in a "reasonable time" after she discovers, or should have discovered, the "nonconformity" of the purchased product. She also argues that the District Court erred in affirming the Justice Court decision.

¶16 Section 30-2-608, MCA, "Revocation of acceptance in whole or in part" states in relevant part:

> (1) The buyer may revoke acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to the buyer if the buyer has accepted it:
> (a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or
> (b) without discovery of such nonconformity if the buyer's acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.
> (2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

¶17 Castro failed in Justice Court, and failed on appeal to the District Court, to satisfy the threshold requirement of § 30-2-608(1), MCA. Section 30-2-608(1), MCA, would allow Castro to revoke her acceptance upon proof that the purchased vehicle was nonconforming and that the nonconformity substantially impaired the value. Castro had the burden of providing credible evidence that the vehicle was nonconforming but failed

5

to do so. While she recounted the problems they had with the vehicle—the engine light came on, the car leaked fluids, and smoke or steam was emitted—she failed to establish that these problems constituted nonconformities in a 16-year-old car purchased "as is." Moreover, Castro herself testified that replacement of the battery rendered the car operable. Castro did not have the car checked by a mechanic for proof of nonconformity or to determine the actual condition of the vehicle. As noted by the District Court, a purchaser of a used 1995 vehicle in 2011 "should . . . expect that some repairs will be necessary such as belts, hoses, battery, seals, tire balancing and alignment, etc. These sorts of things do not render a motor vehicle unsafe."

¶18 Without prima facie evidence of nonconformity, the Justice Court had no basis for proceeding to the remaining requisites of the statute, which in any event were not established by way of Castro's limited testimony. There was simply no evidence to support a ruling in favor of Castro on her "revocation of acceptance" claim.

¶19 Castro also asserted claims for negligence, breach of express warranty and violation of the Montana Consumer Protection Act. However, no evidence was offered to support these claims. Castro established no express warranties, no negligence on the part of Ernie's, and no Consumer Protection Act violation. Aside from Castro's testimony, the record contains the purchase documents signed by Castro that repeatedly informed her that she was purchasing the car "as is" without any warranties or guarantees. Notably, one of the purchasing documents even listed numerous "major defects" that may occur in used cars, including visible leakage and improper functioning of the battery. Because Castro failed to meet her burden of proof on any claim raised in

6

the Complaint, the Justice Court did not err in granting Ernie's motion for a directed verdict.

¶20 *Did the Justice Court err by not addressing Castro's claim that Ernie's Auto had an obligation to reimburse the purchase price?*

¶21 Prior to filing her Complaint and after returning the vehicle, Castro asked Ernie's to refund her purchase money. She also prayed for that relief in her Complaint. However, when the Justice Court directed a verdict on the record in favor of Ernie's, she failed to raise the refund issue. Castro raised the matter on appeal to the District Court and raises it again on appeal to this Court. Castro asserts that §§ 30-2-703(d), -706, and -708, MCA, support her argument that Ernie's would be unjustly enriched if it was allowed to keep both the vehicle and her purchase price.

¶22 The statutes Castro cites for her contention that Ernie's should refund her purchase price unfortunately do not support her argument. These statues address, respectively, the Seller's remedies in general, Seller's resale, and Seller's damages for non-acceptance or repudiation. Collectively, these statutes set forth the remedies available to a seller when a buyer wrongfully rejects goods or revokes acceptance. The statutes provide no grounds for affording any relief to a buyer like Castro. Castro has thus failed to support her argument with any applicable legal authority. However, this does not end our inquiry.

¶23 While it is not the role of this Court to locate authorities or formulate arguments for a party in support of positions taken on appeal, we are empowered, as a court sitting in equity, "to determine all questions involved in the case and to do complete justice, including the power to fashion equitable results." *Kauffman-Harmon v. Kauffman*, 2001

7

MT 238, ¶ 11, 307 Mont. 45, 36 P.3d 408 (citation omitted). Because we have held that Castro failed to prove that she revoked her acceptance, we have impliedly held that the contract must be upheld. This being so, Castro is the rightful owner of the car and is entitled to its return. Should Ernie's be unable to return the car to Castro, then it should reimburse her for the purchase price or compensate her in equivalent value. Ernie's should not be permitted to both retain the purchase price *and* the car. Such would not be fair, equitable, or just.

## CONCLUSION

¶24 For the foregoing reasons, we affirm the District Court's order granting Ernie's Auto's motion for a directed verdict, but remand for further proceedings in accordance with ¶ 23 of this Opinion.

/S/ PATRICIA COTTER

We concur:

/S/ JAMES C. NELSON
/S/ JIM RICE

Justice Beth Baker, concurring.

¶25 I concur with the Court's analysis and conclusions in all respects, but disagree with its decision to issue the decision as a non-citable opinion under Section I, Paragraph 3(c) of the Court's Internal Operating Rules. Such opinions are reserved for cases that present no issues of first impression and establish no new precedent or would not

8

otherwise be of future guidance. This appears to be the first time the Court has considered revocation of acceptance under § 30-2-608(1), MCA, and the application of an "as-is" disclaimer. Although the case presents its own unique facts and proof problems, I believe the opinion could be useful to the citizens of Montana, the bench and the bar when faced with similar cases.


/S/ BETH BAKER




Chief Justice Mike McGrath, dissenting.

¶26 I dissent. In my view Castro presented enough evidence to survive a directed verdict on her claim that she revoked acceptance as permitted by § 30-2-608, MCA. The Court holds that Castro failed to establish that the problems with the car constituted nonconformities in a sixteen-year-old vehicle purchased "as is." However, this is not a warranty case, but rather a case involving the revocation of a prior acceptance pursuant to the sales provisions of the Uniform Commercial Code. Section 30-2-608, MCA, provides in pertinent part:

> (1) The buyer may revoke acceptance of a lot or commercial unit whose nonconformity substantially *impairs its value to the buyer* if the buyer has accepted it:
>
> .   .   .

9

      (b) without discovery of such nonconformity *if the buyer's acceptance was reasonably induced . . . by . . . the seller's assurances*.

(Emphasis added.) The plain language of the statute controls because it is clear and unambiguous. *Micone v. Dept. of Pub. HHS*, 2011 MT 178, ¶ 12, 361 Mont. 258, 258 P.3d 403.

¶27 Castro accepted the car without test driving it. However, as the District Court found, a salesperson assured Castro that it was in good working order. Castro testified that she discovered the nonconformity when the car became inoperable less than three miles after leaving Ernie's Auto. She returned the car and the keys to Ernie's Auto within the week and informed them that she was revoking her acceptance. Section 30-2-608, MCA, provides Castro the right to revoke her acceptance within a reasonable time once she discovered its value to her was impaired. Further, Castro's testimony was clearly sufficient to meet her burden of proof to avoid a directed verdict.

¶28 However, I agree with the Court that once the contract is enforced, the car belonged to Castro. If Ernie's Auto is unable to return the car for any reason, then it should refund Castro her purchase price.

                                    /S/ MIKE McGRATH

Justice Michael E Wheat and Justice Brian Morris join the foregoing dissenting Opinion of Chief Justice Mike McGrath.

                                    /S/ MICHAEL E WHEAT
                                    /S/ BRIAN MORRIS